# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| THE TRAVELERS INDEMNITY CO., <br><br> Plaintiff, <br><br> v. <br><br> SHERMAN BRONSINK, et al., <br><br> Defendants. | CASE NO. C08-1524JLR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the court on Plaintiff The Travelers Indemnity Company's ("Travelers") motion for summary judgment (Dkt. # 41). Defendant Sherman Bronsink has not responded to Travelers' motion. Having considered Travelers' motion and the materials in the record, the court GRANTS Travelers' motion for summary judgment.

ORDER- 1

## I. BACKGROUND

As the parties are familiar with the background facts, the court does not repeat them here.[1]

On December 22, 2009, the court granted Travelers' motion for partial summary judgment and denied Mr. Bronsink's motion for summary judgment and cross-motions for summary judgment. (Dkt. # 44 ("Order").) The court held that Mr. Bronsink had voluntarily cancelled his insurance policy with Travelers before a fire destroyed his property, and that as a result the Travelers policy did not cover the damage caused by the fire. (*Id.*)

Travelers now moves for summary judgment on Mr. Bronsink's three remaining counterclaims. Mr. Bronsink alleges (1) Travelers' denial of coverage was in bad faith; (2) Travelers' denial of coverage and the circumstances leading up to it violated the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*; and (3) Travelers violated the Washington Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015. (Answer (Dkt. # 12) at 6.)

## II. ANALYSIS

**A. Summary Judgment Standard**

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates that "there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ.

---

[1] For a summary of the background facts, see the court's order dated December 22, 2009 (Dkt. # 44) at 12.

P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no material factual dispute and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. Although this court's local rules provide that "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit," Local Rules W.D. Wash. CR 7(b)(2), the court must, nevertheless, determine whether Travelers has met its initial burden to show that it is entitled to summary judgment, *see Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003).

**B. Bad Faith Denial of Coverage Claim**

"[A]n insurer has a duty of good faith to all of its policyholders, and to succeed on a bad faith claim, a policyholder must show the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded." *Smith v. Safeco Ins. Co.*, 78 P.3d 1274, 1277 (Wash. 2003). "If the insurer's denial of coverage is based on a reasonable interpretation of the insurance policy, there is no action for bad faith." *Overton v. Consolidated Ins. Co.*, 38 P.3d 322, 329 (Wash. 2002).

Here, Travelers based its denial of coverage in part on a written Policy Release that Mr. Bronsink signed on May 29, 2008. (Declaration of Kevin Brown (Dkt. # 16), Ex. 13.) Travelers contended that the Policy Release cancelled the policy effective June 1, 2008, more than a week before the fire destroyed Mr. Bronsink's property. (*Id.*) In its prior order granting partial summary judgment to Travelers, the court held, viewing the facts in the light most favorable to Mr. Bronsink, that the Policy Release was indeed

effective to release Travelers from all claims arising after June 1, 2008. (Order at 12.) Thus, Travelers' basis for denying coverage for the damage caused by the fire was reasonable, and Mr. Bronsink cannot prevail on his claim for bad faith denial of coverage. The court therefore grants summary judgment to Travelers on Mr. Bronsink's bad faith claim.

**C. CPA Claim**

To prevail on a CPA claim, the insured must show that the insurer "engaged in an unfair or deceptive act or practice occurring in trade or commerce that impacted the public interest and caused [him] injury in [his] business or property." *Overton*, 38 P.3d at 330 (citing RCW 19.86.020). "A denial of coverage does not constitute an unfair or deceptive act or practice as long as it is based on reasonable conduct of the insurer." *Id.*

As discussed above, Travelers' basis for denying coverage for the fire damage was reasonable. Therefore, Travelers' denial of coverage was not an unfair or deceptive act as required under the CPA. The court grants Travelers' motion for summary judgment on Mr. Bronsink's CPA claim.

**D. IFCA Claim**

The IFCA provides a cause of action for "[a]ny first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer. . . ." RCW 48.30.015(1). As discussed above, Travelers' denial of coverage was reasonable. Therefore, the court grants Travelers' motion for summary judgment on Mr. Bronsink's IFCA claim.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Travelers' motion for summary judgment on Mr. Bronsink's remaining counterclaims (Dkt. # 41).

Dated this 12th day of January, 2010.

JAMES L. ROBART
United States District Judge

ORDER- 5